# IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW DAVID FUGATE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 69925

**FILED**

SEP 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of violation of lifetime supervision of a sex offender. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant Fugate contends that his conviction of violation of lifetime supervision must be reversed because the conduct leading to conviction is not enumerated in NRS 213.1243. We agree.

"[W]hen a person on lifetime supervision violates a condition of that supervision, the violation is a new, separate and distinct offense . . . ." *Coleman v. State*, 130 Nev. 190, 195, 321 P.3d 863, 867 (2014) (citing NRS 213.1243(8)). However, we have held that "the plain language of NRS 213.1243 does not grant the [Parole] Board authority to impose additional conditions" of lifetime supervision not enumerated in the statute. *McNeill v. State*, 132 Nev., Adv. Op. 54, 375 P.3d 1022, 1023 (2016). NRS 213.1243 does not include the condition that a sex offender cannot have contact with a person less than 18 years of age in a secluded environment. *See* NRS 213.1243(3)-(5). As such, Fugate's contact with the subject minor was not a

SUPREME COURT
OF
NEVADA

(O) 1947A

17-30326

violation of lifetime supervision and his conviction thereof was improper. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND to the district court for further proceedings consistent with this order.[1]

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

---

[1]The State conceded in supplemental briefing that *McNeill* applies and therefore the conviction should be overturned, but argues that this is an issue concerning a defective charging instrument and not insufficiency of the evidence. Based on this, the State further argues that this case should be remanded for potential revised charges and potential further proceedings rather than this court ruling there was insufficient evidence, as such a determination would bar further proceedings under double jeopardy principles. We decline to determine this issue in the first instance and, therefore, remand to the district court to determine the appropriate remedy in this regard.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Elliott A. Sattler, District Judge
John Ohlson
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A